IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

|  |  |  |
|---|---|---|
| DIANA LEE HOUSE, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-05-188 |
| MARINE TRANSPORT LINES, INC. et al, | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This is a Jones Act case arising out of alleged injuries suffered by Diana Lee House ("Plaintiff") while employed as a seaman on the M/V CAPE DIAMOND. Now before the Court is Defendants' Motion to Dismiss. For the reasons given below, the Motion to Dismiss is **GRANTED** and Plaintiff's claims in this lawsuit are **DISMISSED WITH PREJUDICE**.

I. Background

Plaintiff was allegedly injured on March 31, 2003, while employed as a seaman on the M/V CAPE DIAMOND. The United States of America, through the Maritime Administration ("MARAD"), owns the M/V CAPE DIAMOND. Pursuant to a contract with MARAD, Marine Transport Lines ("MTL") was the ship's manager at the time of the injury.

On August 14, 2003, MTL received a fax from an attorney representing Plaintiff requesting maintenance and cure. On October 15, 2003, MTL sent a letter to Plaintiff's attorney notifying her that the previous fax was not in compliance with federal regulations governing submission of claims.

*See* 46 C.F.R. Pt. 327. Included in that letter was a copy of relevant sections from the Code of Federal Regulations outlining the proper procedure for claim submission. On January 10, 2005, Plaintiff's attorney sent a packet of information, including a claim form, to the Department of the Navy, Office of the Judge Advocate General ("JAG"). Upon receipt, JAG forwarded the claim to Military Sealift Command ("MSC"). MSC informed JAG that the claim should have been sent to MARAD. MSC sent the claim back to JAG, who then forwarded it to MARAD. MARAD received the claim on January 31, 2005 and hand-delivered it to MARAD's Division of Marine Insurance. The Division of Marine Insurance is the appropriate office to evaluate this type of claim, and the Chief of that Division is a required addressee of any claim. *See* 46 C.F.R. § 327.5.

On March 31, 2005, Plaintiff filed her Original Complaint against MTL and MARAD. On May 13, 2005, MTL and MARAD filed a Motion to Dismiss arguing that the United States was the proper Party. The Court dismissed the claims against MTL, agreed that the United States should be substituted in MARAD's place, and gave Plaintiff the opportunity to serve the United States, which she did. However, Plaintiff's First Amended Complaint still lists MTL, MARAD, and the United States. Defendants now move to Dismiss MTL and MARAD from Plaintiff's First Amended Complaint on the ground that the United States is the proper party. They move to dismiss the claims against the United States arguing that this Court does not have subject matter jurisdiction since Plaintiff failed to comply with the administrative claim requirements of the Clarification Act. *See* 50 U.S.C. App. § 1291.

II. Motion to Dismiss Claims Against MTL and MARAD

Plaintiff's Response to Defendants' Motion indicates that she is not opposed to dismissal of MTL and MARAD. Accordingly, all claims against MTL and MARAD are hereby **DISMISSED**

**WITH PREJUDICE**.

III.  Motion to Dismiss Claims Against the United States

A.  *Legal Standard*

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.  When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).  "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted."  *Collins*, 224 F.3d at 498.  A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

B.  *Analysis*

Defendant's argument in its Motion to Dismiss is a simple one based on a strict reading of a relatively straightforward federal regulation.  The Suits in Admiralty Act, 46 U.S.C. App. § 745, as amended by the Clarification Act, 50 U.S.C. App. § 1291 allows admiralty proceedings to be brought by seamen against the United States.  Since the Acts waive the sovereign immunity of the United States, extensive regulation has been promulgated under the Acts, and actions must be brought in strict conformity with the Acts.  *See Hebert v. US*, 53 F.3d 720, 722 (5th Cir. 1995).  All Parties agree

that the Acts and accompanying regulation are applicable to this case.

The regulations provide that an action by a seaman may be filed against the United States only after an administrative claim has been filed and disallowed. 46 C.F.R. § 327.3. They also provide that, "absent written notice, an administrative claim is presumed disallowed by the passage of 60 days after receipt of the claim by MARAD." *Hebert*, 53 F.3d at 722; 46 C.F.R. § 327.6. Reading these provisions in conjunction with one another, a party may not file a lawsuit pursuant to the SAA until 60 days after MARAD has received an administrative claim unless she receives notice of disallowance prior to that day.

In this case, Plaintiff filed her lawsuit 59 days after MARAD received the claim. Plaintiff argues that "if not for some unusual and curious facts surrounding the shuffling around of House's claim file between Navy and MARAD attorneys, MARAD would clearly have received the file more than 60 days before this suit was filed." What Plaintiff wholly ignores is the fact that the "shuffling" was a direct result of her failure to comply with clearly spelled out regulatory requirements that had been previously provided to her. Namely, Plaintiff did not address her claim to MARAD's Division of Marine Insurance as required by 46 C.F.R. § 327.5, a regulation in place to avoid these types of scenarios.

Plaintiff admits that the claim was incorrectly addressed, but argues that the actual initial recipient of her claim did not take reasonable measures to get her claim to the right place. She focuses on the tortured path of her claim through Navy and MSC offices arguing that its late arrival to the appropriate party was the fault of those who handled her claim along the way. However, it is Plaintiff's sole burden to get the claim to the right place. JAG and MSC had absolutely no duty to forward Plaintiff's incorrectly addressed claim to anyone. They would have been within the realm

of appropriate behavior to completely ignore the claim.

The Court does not take pleasure in denying Plaintiff's claims on what may seem like hyper-technical grounds. However, "[s]ubstantial compliance is not enough. Because the Suits in Admiralty Act waives the sovereign immunity of the United States, such actions must be brought in strict conformity with the Act. Although the result of the Clarification Act in this case may appear inconsistent with its purpose, we are not at liberty to change clear terms of the Clarification Act which preclude the filing of a Suits in Admiralty Act claim until the administrative claim has been filed and disallowed." *Hebert*, 720 F.3d at 722 (citing *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 26 (1951)). Plaintiff failed to comply with the Act, and her claims were filed too early. That they were filed one day early instead of thirty, or even sixty, is unfortunate, but of no relevant distinction. She has therefore failed to state a claim for which relief can be granted.

IV. Conclusions

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED**. Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**. A Final Judgment will be signed by the Court contemporaneously. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 31st day of October, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge